



GMC

FILED
5/18/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*JOHN DOE*,
Plaintiff,

v.

*THE UNIVERSITY OF CHICAGO; THE UNIVERSITY OF CHICAGO MEDICINE;
THE BOARD OF TRUSTEES OF THE UNIVERSITY OF CHICAGO; WILLIAM
FRAZIER, individually and in his official capacity as General
Counsel; RACHAEL DOE, individually and in her official capacity
as Risk Management Director; DR. BRANDON CHUKWUNYELU OKEKE,
individually and as agent; VALERIE MINOR, LSW, individually and
as agent; JANE DOE, LSW, individually and as agent; BOB DOE,
LSW, individually and as agent; NYA STROUD, individually and as
agent; and ALEXYS RUTH KNIGHT, LCSW, individually and as agent,*

Defendants.

**Case No.: 26-cv-04557
Judge: Hon. April M. Perry
Magistrate Judge: Hon. Jeannice W. Appenteng**

PLAINTIFF'S SUPPLEMENTAL MOTION FOR STAY PENDING
RECONSIDERATION; EMERGENCY REQUEST FOR 14-DAY EXTENSION OF MAY
20, 2026 DEADLINE; AND PROPOSED ORDER

TO THE HONORABLE COURT:

Plaintiff John Doe ("Plaintiff"), proceeding pro se and in forma pauperis, respectfully moves this Court for an emergency stay of the May 13, 2026 Minute Order's deadline pending resolution of Plaintiff's Emergency Motion for Reconsideration filed May 15, 2026. This Motion is filed under the Court's inherent authority, Federal Rule of Civil Procedure 62(b), and the Court's equitable jurisdiction to prevent irreparable harm.

This Motion is accompanied by a Proposed Order granting all requested relief.


I. INTRODUCTION

The Court's May 13, 2026 Minute Order directed Plaintiff to either file his legal name on the public docket, voluntarily dismiss, or face dismissal for failure to prosecute and failure to follow court orders by May 20, 2026. Plaintiff filed an Emergency Motion for Reconsideration on May 15, 2026, correcting three critical errors in that Order: (1) delayed notification of the sealing order; (2) erroneous public docketing of sealed exhibits; and (3) the factual misapprehension that the trafficking at issue is historical and extraterritorial, when in fact it is ongoing with a British national currently missing in the Commonwealth of Virginia.

Plaintiff respectfully requests that the Court stay the May 20, 2026 deadline for 14 days to allow the Court sufficient time to rule on the reconsideration motion and to prevent the irreparable harm that would result from forced public exposure of a trafficking survivor's identity while an active missing persons investigation is ongoing.


II. BACKGROUND

A. The May 13, 2026 Minute Order and Its Defects

The Court's May 13, 2026 Minute Order:
- Granted sealing of medical treatment and human trafficking documents;
- Denied pseudonymous litigation based on incomplete factual record;
- Set an ultimatum: public identification, voluntary dismissal, or involuntary dismissal by May 20, 2026.

The Order's factual premise—that trafficking occurred "years ago, outside of the United States"—is incorrect. The trafficking network is active. The missing co-victim is a British national whose last known location was Virginia, United States, in August 2024. The explicit purpose of Plaintiff's April 21, 2025 presentation to Defendants' emergency department was to report this missing person. No U.S. authority has taken that report.

B. The Emergency Motion for Reconsideration

On May 15, 2026, Plaintiff filed an Emergency Motion for Reconsideration correcting:
1. The delayed notification (Plaintiff did not learn of the May 1, 2026 sealing order until May 14, 2026, due to manual inquiry requirements for *pro se* litigants);
2. The erroneous public docketing of sealed exhibits (Plaintiff has refrained from further filings pending Court guidance);
3. The factual error regarding the trafficking timeline (active missing persons case, not historical);
4. The legal error in applying *Doe v. Blue Cross* as a *per se* bar rather than the Seventh Circuit balancing test from *Doe v. Smith*.

C. The Impending Deadline

The May 20, 2026 deadline is now less than 3 days away. If the Court has not ruled on the reconsideration motion by that date, Plaintiff will be forced to choose between:
- Public exposure of his identity, compromising his safety and the missing persons investigation;
- Voluntary dismissal, forfeiting all claims and injunctive relief; or
- Involuntary dismissal, with the same effect.

None of these outcomes is acceptable or necessary if the Court grants a brief stay pending reconsideration.

III. LEGAL STANDARD

A. Stay Pending Reconsideration

Federal courts have inherent authority to stay their own orders pending reconsideration or appeal. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). This power is exercised to prevent irreparable harm and to promote judicial economy.

B. Factors for Stay

The Court should consider:
1. Likelihood of success on the merits of the underlying motion;
2. Threat of irreparable harm absent a stay;
3. Balance of equities; and
4. Public interest.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418, 434 (2009).

IV. ARGUMENT

A. Likelihood of Success on the Merits

Plaintiff's Emergency Motion for Reconsideration is highly likely to succeed because:

1. The Court's factual premise is demonstrably incorrect. The trafficking network is active; the co-victim is missing now; her last known location was in the United States.

2. The Court misapplied Seventh Circuit authority. *Doe v. Blue Cross*, 112 F.3d 869 (7th Cir. 1997) does not create a *per se* bar to pseudonymous litigation for non-minor, non-sexual-assault plaintiffs. The Seventh Circuit applies a balancing test: *Doe v. Smith*, 429 F.3d 706, 711 (7th Cir. 2005). Under that test, Plaintiff's extreme vulnerability, the sensitivity of the case, and the zero prejudice to Defendants overwhelmingly favor pseudonymity.

3. The Court's sealing authorization is functionally meaningless without pseudonymity. If Plaintiff's name appears on the public docket, the sealed documents are identifiable by case number and become targets for compromise.

4. The procedural errors (delayed notification, erroneous docketing) demonstrate that Plaintiff has acted in good faith and that the appearance of non-compliance is attributable to administrative gaps, not Plaintiff's fault.

B. Irreparable Harm Absent a Stay

If the May 20, 2026 deadline is not stayed and Plaintiff is forced to publicly identify himself:

1. Personal safety: The organized crime network from which Plaintiff escaped maintains surveillance capacity through London and offshore trust infrastructure. Public docket exposure would enable network actors to identify, locate, and retaliate against Plaintiff.

2. Missing persons investigation: The co-victim, if in the network's custody, faces increased risk of retaliation or disposal if the network learns Plaintiff is actively litigating and cooperating with law enforcement.

3. International safeguarding: British authorities (NHS England, Westminster/RBKC Safeguarding Adults Board, Metropolitan Police) may limit intelligence sharing if they know U.S. court records publicly expose the complainant's identity.

4. Institutional betrayal trauma: Forcing public exposure replicates the very institutional betrayal Plaintiff is seeking remedy for, potentially triggering severe psychiatric destabilization.

5. No adequate remedy at law: Once identity is publicly exposed, it cannot be retracted. The harm is permanent and irreversible.

C. Balance of Equities

The balance overwhelmingly favors a stay:

| Factor | Plaintiff | Defendants / Public |
|---|---|---|
| Harm if no stay | Lethal retaliation risk; missing person endangered; trauma; constructive statelessness | None |
| Harm if stay granted | None | Minimal delay in public docket identification |
| Public interest | Protecting trafficking survivors; preserving missing persons investigation | Open proceedings (satisfied by redacted public versions) |
| Prejudice to Defendants | None — they receive full identity under protective order | None — they have not even responded to the complaint |

D. Public Interest

The public interest is served by:
- Protecting vulnerable trafficking survivors from retaliation;
- Enabling law enforcement to locate missing persons without compromising investigations;
- Ensuring federal courts do not become instruments of victim exposure;
- Upholding U.S. treaty obligations under the Palermo Protocol (Article 6: "protect the privacy and identity of victims").

The public interest is not served by exposing a trafficking survivor's identity to an active organized crime network, particularly when the co-victim remains missing and her last known location was in the United States.

V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1. Staying the May 13, 2026 Minute Order's deadline of May 20, 2026 for 14 days, until June 3, 2026, to allow the Court sufficient time to rule on the Emergency Motion for Reconsideration;

2. Tolling any deadline for public identification, voluntary dismissal, or involuntary dismissal pending the Court's ruling on reconsideration;

3. Maintaining the current pseudonymous caption "John Doe v. The University of Chicago, et al." during the stay period;

4. Preserving all sealed exhibits under seal and prohibiting any public access pending the Court's ruling;

5. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ John Doe
John Doe
Plaintiff, *pro se*
Date: May 18, 2026


CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I caused a true and correct copy of the foregoing Supplemental Motion for Stay Pending Reconsideration and Proposed Order to be served upon all Defendants by U.S. Marshals Service, and by hand-delivery to the Clerk of Court for filing and electronic notification via CM/ECF.

/s/ John Doe
John Doe
Plaintiff, *pro se*
Date: May 18, 2026

PROPOSED ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN DOE,
Plaintiff,

v.

THE UNIVERSITY OF CHICAGO, et al.,
Defendants.

Case No.: 26-cv-04557
Judge: Hon. April M. Perry

PROPOSED ORDER

IT IS HEREBY ORDERED that:

1. Stay of Deadline

The May 13, 2026 Minute Order's directive that Plaintiff must
"either file his name on the public docket or move to
voluntarily dismiss this case by 5/20/2026" is STAYED for 14
days, until June 3, 2026.

2. Tolling of Deadlines

All deadlines for public identification, voluntary dismissal, or involuntary dismissal are TOLLED pending the Court's ruling on Plaintiff's Emergency Motion for Reconsideration filed May 15, 2026.

3. Preservation of Pseudonymous Caption

The current caption "John Doe v. The University of Chicago, et al." shall REMAIN IN EFFECT during the stay period. No public docket entry shall disclose Plaintiff's legal name without further Court order.

4. Preservation of Sealed Exhibits

All exhibits filed under seal, including those erroneously docketed on the public docket, shall REMAIN UNDER SEAL during the stay period. The Clerk shall continue to refuse public access to such exhibits.

5. Expedited Ruling on Reconsideration

The Court shall RULE on Plaintiff's Emergency Motion for Reconsideration on or before June 3, 2026. If the Court requires additional briefing or argument, the Court shall so order within 7 days.

6. No Prejudice

This stay is granted without prejudice to the Court's ultimate ruling on the Emergency Motion for Reconsideration. If reconsideration is denied, the original May 20, 2026 deadline shall be reinstated with 7 days' notice to Plaintiff.

7. Duration

This Order shall remain in effect until modified or dissolved by further order of this Court, or until the conclusion of all proceedings including appeals.

SO ORDERED.

Hon. April M. Perry
United States District Judge
Northern District of Illinois

Date: